## JOHNSTON *a.* TAYLOR.

*Supreme Court, First District; Special Term, April,* 1859.

PLEADING.—AVERMENT OF MARRIED WOMAN'S EXECUTION OF
DEED BY ATTORNEY.

If in pleading a deed executed by a married woman, the pleader states that it
was executed by attorney, he must also state the facts which make the case
one in which such mode of execution is valid, or his pleading is demurrable.

Demurrer to complaint.

The facts appear in the opinion.

INGRAHAM, J.—The only defect in the complaint that is
available to the defendant on the demurrer, is, that in stating
the execution of the mortgage by the wife, the plaintiff says
that it was done by virtue of a power of attorney, and not by
herself. If he had omitted the allegation that it was by an
attorney, it would then have been merely proof to charge the
defendant as mortgagor, and could not have been taken advan-
tage of on demurrer; but as the plaintiff has set forth, in the
complaint, that the wife executed the mortgage by an attorney,
the objection may be taken by demurrer that a married woman
cannot execute a deed by power of attorney.

In ordinary cases such a deed is not valid, because the re-
quirement of the statute, as to the acknowledgment, is not ob-
served, and because a power of attorney, executed by a married
woman, except in the cases provided by statute, is a nullity.

A married woman, residing in this State, cannot execute a
deed by an attorney; and if a deed or mortgage is so executed,
and the same is sought to be enforced as a legal instrument, the
plaintiff should show, in his complaint, that the execution of
the same by the attorney was in the case provided by law.
Unless he comes within that class, the execution of the deed is
of no value.

By averring the execution to be by an attorney, I think the

plaintiff was bound to show, in the complaint, by what authority the attorney acted.

The defendant is entitled to judgment on the demurrer, with leave to the plaintiff to amend on payment of costs.